26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred MARASCO, Plaintiff-Appellant,
v.
Ray PROCUNIER; Melonese Harrison; John & Jane Does I-XX,
Defendants-Appellees.
 No. 93-16526.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Marasco, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Marasco's 42 U.S.C. Sec. 1983 action alleging that defendants violated his Eighth Amendment rights regarding a back injury Marasco suffered when he slipped and fell in the prison shower. Marasco also appeals the district court's denial of his motion for default judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 I. Summary Judgment
 
 3
 Marasco contends that defendants violated his Eighth Amendment rights by (1) subjecting him to inadequate housing, (2) exercising deliberate indifference to his medical needs, and (3) rendering him unable to earn work-time credits due to their inadequate medical treatment.
 
 
 4
 We review the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor, 880 F.2d at 1045.
 
 A. Inadequate Housing
 
 5
 Marasco contends that the defendants violated his Eighth Amendment rights by subjecting him to inadequate housing which resulted in his injury. Specifically, Marasco contends that the defendants should have installed grab bars and non-skid strips in the prison showers.
 
 
 6
 An Eighth Amendment claim based on conditions of confinement contains both an objective and a subjective component. See Wilson v. Seiter, 111 S.Ct. 2321, 2323-26. (1991). To establish the subjective component of the claim, the prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional conditions. Id. at 2326-27. The objective component of the claim is "contextual and responsive to contemporary standards of decency." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992) (quotation omitted). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Id. Accordingly, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations omitted).
 
 
 7
 Here, Marasco failed to provide any evidence to satisfy either the objective or the subjective component of his claim. First, he failed to provide any evidence that defendants are required to provide grab bars or non-skid strips in the prison showers. See id. Second, Marasco failed to set forth specific facts showing that defendants were deliberately indifferent regarding the absence of grab bars and non-skid strips in the showers. See id. In fact, the evidence demonstrates that defendants began experimental use of grab bars and non-skid strips in response to Marasco's request. Accordingly, the district court correctly granted summary judgment for defendants on this claim. See Taylor, 880 F.2d at 1044.
 
 
 8
 B. Deliberate Indifference to Serious Medical Needs
 
 
 9
 Marasco contends that defendants violated his Eighth Amendment rights because they were deliberately indifferent to his serious medical needs by providing inadequate care for his back injury. Specifically, Marasco contends that defendants (1) failed to provide the necessary surgery, (2) failed to house him in the infirmary, (3) failed to transfer him to a facility with better physical therapy equipment, and (4) delayed his treatment. These contentions lack merit.
 
 
 10
 Prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To determine deliberate indifference, the court must focus on the seriousness of the prisoner's medical needs and the nature of the defendants' response to those needs. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Nor does a mere delay in treatment constitute a violation of the Eighth Amendment, unless the delay causes substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 11
 In support of their summary judgment motion, defendants submitted Marasco's medical records which indicate that he received considerable attention to his injury, including an x-ray, a CT scan, medication, and physical therapy. In opposition, Marasco failed to produce any evidence to support his allegation that defendants mistreated his condition or that he suffered any injury from their treatment. First, his contentions that his injury required that he be housed in the infirmary and receive surgery are based on conclusory allegations and are thus insufficient to support a claim of deliberate indifference. See Taylor, 880 F.2d at 1045. Second, Marasco failed to provide evidence that his injury required a transfer to a facility with better physical therapy equipment. Thus, this claim amounts to no more than a difference of opinion as to the treatment of Marasco's injury. See Sanchez, 891 F.2d at 242. Finally, although the evidence suggests that Marasco was not examined by the prison medical staff for four days, he failed to provide any evidence that the delay resulted in substantial harm. See Wood, 900 F.2d at 1335.
 
 
 12
 Marasco failed to offer anything more than conclusory allegations regarding inadequate medical treatment. See Estelle, 429 U.S. at 106; see McGuckin, 974 F.2d at 1059. Thus, the district court correctly entered summary judgement for defendants on this claim because defendants were entitled to judgment as a matter of law. See Taylor, 880 F.2d at 1044.[1]
 
 C. Work-time Credits
 
 13
 Marasco contends that defendants violated his Eighth Amendment rights because, as a result of his back injury, Marasco cannot earn work-time credits. Because we conclude that the district court properly entered summary judgment for defendants on Marasco's claim of deliberate indifference to serious medical needs, this claim must also fail.
 
 II. Default Judgment
 
 14
 Marasco contends that the district court erred by denying his motion for default judgment. This contention lacks merit. We initially consider defendants' contention that we lack jurisdiction to review the order denying Marasco's motion for default judgment because Marasco did not state that he was appealing from that order. Federal Rule of Appellate Procedure 3(c) provides that "[a] notice of appeal ... must designate the judgment, order, or part thereof appealed from." Nevertheless, although Marasco's notice of appeal does not state that he is appealing the order denying his motion for default judgment, he is not barred from appealing that order as long as his intent to appeal the order can be fairly inferred and the appellee is not prejudiced or misled by the mistake. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir.1993), cert. denied, 114 S.Ct. 924 (1994). "In determining whether 'intent' and 'prejudice' are present, we apply a two-part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir.1986), aff'd, 488 U.S. 347 (1989).
 
 
 15
 Here, Marasco addressed the denial of his motion for default judgment in his opening brief. We have previously held in similar circumstances that this is enough to demonstrate that appellee had notice of the issue and did not suffer prejudice from appellant's failure to specify the order in the notice of appeal. See Levald, 998 F.2d at 691. Thus, we reach the merits of Marasco's contention.
 
 
 16
 We review the denial of a default judgment for abuse of discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). Federal Rule of Civil Procedure 12(a) requires a defendant to serve its answer or responsive pleadings within twenty days after service of the summons and complaint or ten days after notice of the court's denial of a motion under Rule 12. Fed.R.Civ.P. 12(a).
 
 
 17
 Here, defendants failed to timely serve their answer after receiving notice of the district court's November 1, 1991 order denying their first motion to dismiss. Subsequently, however, the district court granted defendants several continuances in which to file their responsive pleadings. On September 23, 1992, defendants timely filed their motion to dismiss/motion for summary judgment. Marasco moved to a default judgment on October 28, 1992. The district court denied Marasco's motion for a default judgment on March 3, 1993, and granted defendants' motion for summary judgment on July 22, 1993.
 
 
 18
 Because defendants' pleadings were filed within the time allowed by the district court, and Marasco did not move for a default until after defendants filed their motion, we cannot say that the district court abused its discretion by denying Marasco's motion for a default judgment. See id.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Marasco's contentions can be construed to allege that defendants were deliberately indifferent to his safety by failing to house him in the infirmary or failing to transfer him to another facility, this contention lacks merit. To establish an Eighth Amendment claim based on a prisoner's safety, the prisoner must show that the prison personnel acted with "deliberate indifference" to the inmate's need for a safe environment. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). Marasco's conclusory allegations that defendants were deliberately indifferent to his safety are insufficient to defeat defendants' motion for summary judgment. See Taylor, 880 F.2d at 1044